IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

BONNIE FRANCE, Administratrix )
Of the Estate of Daniel Ray France, Jr., )
)
Plaintiff, )
)
)
v. ) No. 2:11-CV-079
)
CSX TRANSPORTATION, INC., and )
JOE JACKSON, )
)
Defendants. )

## MEMORANDUM OPINION

This civil action is before the court on plaintiff's "Motion to Remand & For Sanctions" [doc. 12]. Defendants have responded [doc. 13], and plaintiff has submitted a reply [doc. 14]. Defendants filed a surresponse [doc. 17] after obtaining permission from the court to do so. Pursuant to Local Rule 7.1(d), defendants have also filed a supplemental brief in opposition to plaintiff's motion [doc. 22].[1] Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] In the motion to remand, plaintiff states that a motion to reinstate her case had been filed with the Florida court, and she asks that this court delay its ruling pending the Florida court's ruling. In defendants' supplemental brief, there is a copy of the Florida court's order denying plaintiff's motion to reinstate the case.

This is an action for wrongful death that was originally filed in the Circuit Court for Unicoi County in Erwin, Tennessee on May 9, 2007. After two years of litigation in that court, the plaintiff dismissed the action and re-filed the case in the Circuit Court for Duval County, Florida on February 16, 2010. Defendant CSX has its principal place of business in Jacksonville, Florida. In the Florida action, plaintiff did not include Joe Jackson as a defendant, but she did sue CSX Transportation and its parent corporation, CSX Corporation. The defendants moved to dismiss the case on the grounds of *forum non conveniens*, and the Florida court eventually granted the motion. Plaintiff re-filed her case again in Unicoi County Circuit Court on January 3, 2011, this time including Jackson as a defendant but excluding CSX Corporation. Jackson was included in the complaint based on plaintiff's belief that he is a Tennessee citizen. Defendants contend Jackson is domiciled in Virginia, and on the basis of diversity of citizenship, removed the case to this court on March 16, 2011.

Plaintiff has moved for remand to the state court, arguing that the representations and stipulations CSX made to the Florida court should be deemed a waiver of its right to removal and that this court lacks jurisdiction because defendants have not adequately proven that Jackson is domiciled in Virginia, so there is not complete diversity. Jackson was living in Tennessee when the case was originally filed. Defendants argue *inter alia* that the statements made to the Florida court about the adequacy and suitability of the Unicoi County court as a forum for the case were in the context of the *forum non conveniens*

2

motion to dismiss. CSX points out that the stipulation included in the motion to dismiss addressed the statute of limitations and the adequacy of Unicoi County, Tennessee as a forum for plaintiff's action.

"It is well-established that the waiver of a party's right to removal must be clear and unequivocal." *City of Cleveland v. Ameriquest Mortg. Secs., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010); *see also EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008) ("Our circuit has held that any waiver of the right to remove must be 'clear and unequivocal.'") (citing *Regis Assocs. v. Rank Hotels Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)). "Further, '[g]eneral principles of contract interpretation apply when determining whether a clause explicitly waives the right of removal.'" *City of Cleveland*, 615 F.3d at 501 (citation omitted). In the court's opinion, the representations and stipulations plaintiff relies on do not reflect a clear and unequivocal waiver of defendants' right to remove this case from state court. Defendants' argument in the context of a *forum non conveniens* motion that plaintiff could obtain an adequate remedy in Unicoi County, Tennessee is not a clear and unequivocal waiver of removal of the case should it actually be re-filed in state court and should a basis for removal to federal court exist.

For example, in *Titan Finishes Corp. v. Spectrum Sales Group*, 452 F. Supp. 2d 692 (E.D. Mich. 2006), the district court applied the clear and unequivocal standard to a forum selection clause. The language of the clause provided that the "State of Michigan has jurisdiction," and stated that "venue shall be proper in Wayne County Circuit Court, State of

3

Michigan." The Court determined that this language did not waive the right of removal because "such language simply allows the parties to bring this action in the Wayne County Circuit Court" and "does not provide that venue would not also be proper in a federal district court in Michigan." *Id*. at 695. CSX's representations to the Florida court that a Tennessee court was a preferable forum to adjudicate plaintiff's claims were not presented using language and terms sufficient to establish a clear and unequivocal waiver of removal.

Plaintiff also argues that this court lacks jurisdiction because defendants have not sufficiently demonstrated that Jackson is domiciled in Virginia. Jackson was a citizen of Tennessee when the lawsuit originally began. Defendants removed this case on the basis of diversity of citizenship, 28 U.S.C. § 1441, § 1332; therefore, they are invoking diversity jurisdiction and have the burden of demonstrating by a preponderance of the evidence that complete diversity exists. *Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 829 (6th Cir. 2006). "Removal statutes are strictly construed with all doubts resolved against removal." *Sollitt v. KeyCorp*, 463 F. App'x 471, 473 (6th Cir. 2012).

Attached to defendants' notice of removal [doc. 1] is the Affidavit of Joe Jackson, which states in its entirety as follows:

> Joe Jackson, after being duly sworn, deposes and says as follows: I am 55 years old and I am a resident of the state of Virginia residing at 7414 Dunlap Creek Road, Covington, Virginia, 24426. I have resided at this residence since September, 2010, after receiving a promotion from my employer, CSX Transportation, Inc. My current position with the company is Engineer of Tracks and my office is located at 307 East Ridgeway Street, Clifton Forge, Virginia, 24422. I

4

> was born and raised in the state of West Virginia in Lewisburg, a short distance from my current address. I propose to continue working in my present position until my retirement.

Citizenship for purposes of the diversity statute, 28 U.S.C. § 1332(a), "means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973); *see also Kaiser v. Loomis,* 391 F.2d 1007, 1009 (6th Cir. 1968) (for purposes of diversity statute, citizenship is synonymous with domicile not residence); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."). "It has repeatedly been held that '[a] party's residence in a state alone does not establish domicile." *Lancaster v. Daymar Colleges Group, LLC*, No. 3:11-CV-157, 2012 WL 524459, at *4 (W.D. Ky. Feb. 15, 2012). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel*, 477 F.2d at 1120.

> When a party's domicile is in doubt, courts must utilize a totality of the circumstances, case-by-case approach, weighing a variety of relevant factors. Factors frequently taken into account include: the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity. No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported domicile, but also their substantive nature.

5

*Ford Motor Co. v. Collins*, No. 11-15011, 2011 WL 5877216, at *2 (E.D. Mich. Nov. 23, 2011) (internal quotation marks and citations omitted); *see also Ewert v. Holzer Clinic, Inc.*, No. 2:09-cv-0131, 2010 WL 3063226, at *4 (S.D. Ohio Aug. 3, 2010) (citing factors for court to consider when reviewing diversity jurisdiction claims).

Jackson's affidavit references his being a "resident" and "residing" in Covington, Virginia. He states that he proposes to continuing working at his present job until retiring, but he does not indicate an intention to remain in Virginia. Jackson does not represent that continuing to work at his present job means staying in Virginia, i.e., there is no showing that staying with the job of Engineer of Tracks means he will stay in Virginia. In addition, although plaintiff placed at issue the adequacy of Jackson's affidavit, defendants made supplemental filings but did not come forward with any additional information to support a showing of domicile. Thus, the court is unable to consider factors such as voter registration; location of real property; financial and bank accounts; professional and social memberships and associations; drivers license and vehicle registration; as well as payment of taxes.

As noted not any one factor is dispositive nor is the number of contacts with the domicile the only focus. Nevertheless, defendants have provided nothing more than a representation that Jackson resides and works in Virginia and intends to continue with his present job until he retires. That is the totality of the circumstances offered by defendants. In the court's opinion, defendants have not met their burden of establishing domicile. Since

6

all doubts as to the existence of federal jurisdiction are to be resolved against removal, the court will grant plaintiff's motion to remand this case to state court.

The last issue before the court is plaintiff's request for the payment of costs, including attorney's fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[2] "This language places an award of costs and attorney fees . . . squarely within the discretion of the district court, but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, the Supreme Court determined that "absent unusual circumstances," fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. However, district courts should consider whether "unusual circumstances warrant a departure from the rule in a given case." *Id*.

While the court has not found Jackson's affidavit sufficient to demonstrate domicile and thus diversity jurisdiction does not exist, that finding does not necessarily mean that there was no objectively reasonable basis for removing the case. Further, in the court's opinion, this case is not one in which unusual circumstances exist such that an award of fees would be appropriate. After maintaining the original lawsuit for at least two years in

---

[2] Plaintiff has provided no supporting documentation; nevertheless, the court will consider whether costs and fees are warranted based on the circumstances in this case.

Tennessee state court, plaintiff dismissed the action and re-filed it in Florida. CSX was eventually successful by motion having the Florida action dismissed with leave to re-file it in Unicoi County, Tennessee, which plaintiff did. Under these circumstances, the court does not believe that it would be appropriate to award fees and costs to plaintiff for responding to defendants' removal.

Accordingly, for the reasons stated herein, plaintiff's motion will be granted in part and denied in part. It will be granted to the extent it seeks remand of this case to state court. It will be denied to the extent it seeks an award of costs and fees. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge